UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORNELL SHEGOG, | CASE NO. 11-5199 RJB/JRC |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |
| v. | |
| STEVE SINCLAIR, | |
| Defendant. | |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura. Dkt. 21. The Court has considered the Report and Recommendation, objections to the Report and Recommendation, the remaining record, and is fully advised.

Petitioner filed this petition for *habeas corpus* on March 14, 2011. Dkt. 1. On July 11, 2011, the Report and Recommendation was filed, recommending that the petition be dismissed as time barred under 28 U.S.C. § 2244(d). Dkt. 21. The Report and Recommendation also recommends denying the certificate of appealability. *Id.* Petitioner did not respond to Respondent's motion to dismiss the petition as time barred.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
PETITION- 1

Petitioner did file, on July 28, 2011, objections to the Report and Recommendation, arguing that the Court should equitably toll the statute of limitations. Dkt. 22.

The Report and Recommendation (Dkt. 21) should be adopted. The petition should be dismissed as time barred pursuant to 28 U.S.C. § 2244(d). Petitioner filed his petition more than one year after his state court judgment became final.

Further, Petitioner did not point to extraordinary circumstances that would allow for equitable tolling of the statute. A petitioner is entitled to equitable tolling of the statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010)(*internal citations omitted*).

Petitioner did not show that he had been pursuing his rights diligently. Even if Petitioner showed that he had been pursuing his rights diligently, the reasons he proffers for failing to file within the statutory time period - that he is proceeding *pro se*, he was misguided by fellow inmates as to the time limits, his appellate counsel failed to inform him of the time limits, and limited access to the law library (8 hours a week) – do not constitute "extraordinary circumstances" for purposes of equitably tolling the statute of limitations. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006)(*pro se* status and ignorance of the law are not extraordinary circumstances which warrant equitable tolling); *Velasquez v. Kirkland*, 639 F.3d 964 (9th Cir. 2011) (holding that neither petitioner's nor his counsel's mistake as to ADEPA's statute of limitations constitutes an extraordinary circumstance); and *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir.2009) (*pro se* petitioner not entitled to equitable tolling even where he had

1 limited access to law library and copy machine). There is no basis to equitably toll the statute of
2 limitations here.
3    The petition should be dismissed as time barred. The certificate of appealability should be
4 denied.

**ORDER**

Accordingly, it is hereby **ORDERED**:

- The Report and Recommendation (Dkt. 21) **IS ADOPTED**;
    - The Petition **IS DISMISSED** as time barred; and
    - The Certificate of Appealability **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to any party appearing *pro se* at said party's last known address, and to U.S. Magistrate Judge J. Richard Creatura.

Dated this 19th day of August, 2011.

/s/ Robert J. Bryan

ROBERT J. BRYAN
United States District Judge